**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 22 2016

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR MENDOZA-MARIN, | No.  14-71746 |
| Petitioner, | Agency No. A200-670-881 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016**

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Oscar Mendoza-Marin, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT").   We have jurisdiction

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.   We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's determination that, even if credible, Mendoza-Marin failed to establish past persecution.   *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (quotation and citation omitted); *Wakkary*, 558 F.3d at 1060 (petitioner did not establish harm to associates was part of 'a pattern of persecution closely tied to' petitioner) (citation omitted).   Substantial evidence also supports the agency's determination that Mendoza-Marin failed to establish he would face a clear probability of future persecution in Mexico.   *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (possibility of future persecution "too speculative").   Thus, his withholding of removal claim fails.

Finally, Mendoza-Marin makes no substantive arguments challenging the agency's denial of his CAT claim.   *See Martinez-Serrano v. INS*, 94 F.3d 1256,

2                                                                              14-71746

1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

**PETITION FOR REVIEW DENIED.**